1  GIBSON, DUNN & CRUTCHER LLP
   ANDREA E. NEUMAN, SBN 149733
2  ANeuman@gibsondunn.com
   JAMES M. SABOVICH, SBN 218488
3  JSabovich@gibsondunn.com
   3161 Michelson Drive, Suite 1200
4  Irvine, California 92612-4412
   Telephone: 949.451.3800
5  Facsimile: 949.451.4220

6  GIBSON, DUNN & CRUTCHER LLP
   SCOTT A. EDELMAN, SBN 116927
7  SEdelman@gibsondunn.com
   333 South Grand Avenue
8  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
9  Facsimile: (213) 229-7520

10 Attorneys for Applicant
   CHEVRON CORPORATION

FILED
2010 MAY 27  AM 11: 57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 1146 IEG      WMc

| In re Application of | CASE NO. _____ |
|---|---|
| CHEVRON CORPORATION, a Delaware corporation, | APPLICATION OF CHEVRON CORPORATION FOR AN ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE TAKING OF A DEPOSITION AND THE PRODUCTION OF DOCUMENTS FROM E-TECH INTERNATIONAL AND WILLIAM POWERS |
| Applicant, | |
| E-TECH INTERNATIONAL, a New Mexico organization, and WILLIAM POWERS, an individual, | |
| Respondents. | *[Civil Cover Page; Memorandum of Points and Authorities; Declarations of A. Neuman, J. Sabovich and M. Younger; Request for Judicial Notice; Notice of Related Actions; Certificate of Interested Parties and Corporate Disclosure; and [Proposed] Order Filed Concurrently Herewith]* |

/ / /

/ / /

/ / /

Based upon the annexed declarations of James M. Sabovich, Michael L. Younger and Andrea E. Neuman ("Neuman Decl.") and the accompanying memorandum of points and authorities, Chevron Corporation ("Chevron") hereby applies to this Court for an Order, pursuant to 28 U.S.C. § 1782, and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, granting Chevron leave to serve William Powers and E-Tech International (collectively "E-Tech" or "Respondents") with the subpoenas annexed to the Neuman Declaration as Exhibits A and B, respectively. Chevron further requests an Order to Show Cause why the subpoenas should not issue, due to significant time exigencies here. As was held days ago in denying a stay of another of Chevron's 1782 applications pending Plaintiffs' and Respondents' appeal of the decision granting it, "[t]he Lago Agrio Plaintiffs are pushing the Ecuadorian court to close the evidentiary phase of that litigation and immediately enter a multibillion dollar judgment against Chevron, thus preventing Chevron from placing before that court the likely relevant evidence contained in the [discovery sought]. Those plaintiffs intend, if they succeed, to attempt to enforce such a judgment around the world." RJN, Exh. 6, 81. Accordingly, Chevron requests an Order to Show Cause be issued so an expeditious briefing schedule can be established to resolve any objections.

The requirements of Section 1782 are met by Chevron's Application. First, all Respondents reside or may be found in the Southern District of California. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation* pending in the Superior Court of Nueva Loja, Ecuador (the "Lago Agrio Litigation"), and *Chevron Corporation and Texaco Petroleum Company vs. The Republic Of Ecuador*, pending in the Permanent Court of Arbitration in the Hague (the "Treaty Arbitration"). Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782. The discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 weigh in favor of granting the Application. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. None of the Respondents is a "participant" in either the Lago Agrio Litigation or the Treaty Arbitration

Gibson, Dunn & Crutcher LLP

1

within the meaning of Section 1782. Both Treaty tribunals and Ecuadorian Courts have been historically receptive to Section 1782 assistance from federal courts. *See In the Matter of Compania Chilena de Navegacion Interoceanica S.A.*, No. 03 CV 5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D.N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09 MC 265 (JBA), 2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009).

      The Application does not conceal an attempt to circumvent foreign proof-gathering restrictions in either of the foreign proceedings. A petitioner under Section 1782 need not show evidence to be discoverable or admissible in the foreign jurisdiction. *Intel Corp.*, 542 U.S. at 261. Rather, in determining whether a petition is merely an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). Based on the evidence submitted, Chevron's request for discovery is a good faith effort to obtain probative evidence. Finally, the discovery requests are not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

      Chevron has filed 1782 petitions in five other jurisdictions, seeking, among other things, discovery from Plaintiffs' environmental consultants and others regarding this collusion between Cabrera and the Plaintiffs. These petitions have been granted in Georgia, Colorado, New York, and Texas while one is currently pending in New Jersey. RJN, Exhs. 1-4. No such Application by Chevron has been denied. Plaintiffs began opposing these Applications after the proceeding in Georgia resulted in testimony from one of their former experts, Dr. Calmbacher, revealing that Plaintiffs had submitted two reports under his name in the Lago Agrio Litigation, assessing millions in remediation costs that Dr. Calmbacher did not author: "I did not reach these conclusions and I did not write this report." Declaration of James M. Sabovich ("Sabovich Decl."), Exh. A, 6-8. Three courts have addressed Plaintiffs' various objections to discovery and all have rejected them. RJN, Exhs. 2-4.

Chevron anticipates that Plaintiffs will nonetheless oppose this discovery. Accordingly, it respectfully requests that this Court issue an Order to Show cause establishing a rapid briefing schedule to dispense with Plaintiffs' objections. Chevron proposes that Plaintiffs be granted one week from the date of the issuance of the Order to Show Cause to oppose, that Chevron receive three days for its reply, and that, if the Court wishing a hearing, that it be held within two days of Chevron's reply. Chevron thereafter respectfully requests that this Court enter an Order, pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782, granting it leave to serve E-Tech and William Powers with the subpoenas annexed to the Declaration of Andrea E. Neuman as Exhibits A and B.

DATED: May 27, 2010

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

_____
Andrea E. Neuman, Esq.
Gibson, Dunn & Crutcher, LLP
3161 Michelson Drive
Irvine, CA  92612-4412
T:  (949) 451-3937
F:  (949) 451-4220
E:  ANeuman@gibsondunn.com

Attorney for Applicant
CHEVRON CORPORATION

100875124_1.DOC

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS013985
Cashier ID: bhartman
Transaction Date: 05/27/2010
Payer Name: NATIONWIDE LEGAL
----------------------------------
CIVIL FILING FEE
 For: CHEVRON V E-TECH INTL
 Case/Party: D-CAS-3-10-CV-001146-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 123955
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHEVRON CORPORATION (APPLICANT)

## DEFENDANTS
E-TECH INTERNATIONAL and WILLIAM POWERS (RESPONDENTS)

FILED 2010 MAY 27 AM 11: 54

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
949-451-3800

Attorneys (If Known)

'10 CV 1146 IEG    WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

ORIGINAL

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1782    28:1331

Brief description of cause:
Miscellaneous Action: Application to Issue Subpoenas Pursuant 28 U.S.C. Section 1782

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE SEE NOTICE OF RELATED ACTIONS FILED HEREWITH    DOCKET NUMBER _____

DATE: May 26, 2010    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 13985    AMOUNT $350 - 5/27/10 RH    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

American LegalNet, Inc. | www.USCourtForms.com