# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>CHEVRON CORPORATION, a Delaware corporation,<br><br>                              Applicant,<br><br>   vs.<br><br>E-TECH INTERNATIONAL, a New Mexico organization, and WILLIAM POWERS, an individual,<br><br>                             Respondents. | CASE NO. 10cv1146-IEG(WMc)<br><br>Order Denying Respondent's Appeal of Magistrate Judge McCurine's Order |

Respondent William Powers and the "Ecuadorian Plaintiffs" (collectively "Respondents")[1] appeal Magistrate Judge McCurine's August 27, 2010 order requiring Powers to produce documents and give deposition testimony in response to Applicant Chevron Corporation's subpoena duces tecum issued pursuant to 28 U.S.C. § 1782. The Court finds the appeal appropriate for submission without oral argument and previously vacated the September 9, 2010 hearing. For the reasons explained herein, the Court DENIES Respondents' appeal.

---

[1] E-Tech International was originally named as a Respondent in Chevron's application. Magistrate Judge McCurine declined to rule on Chevron's application as to E-Tech, pending the resolution of a parallel application filed by Chevron in New Mexico where E-Tech is located. On September 7, 2010, Chevron voluntarily dismissed E-Tech from this action.

### *Background*

Chevron's application for discovery under 28 U.S.C. § 1782 sought documents and deposition testimony for use in two pending foreign proceedings to which Chevron is a party. One of the proceedings is a suit filed against Chevron in 2003 in the Provincial Court of Justice of Sucumbios in Nueva Loja, Ecuador (the "Lago Agrio Litigation"). The court in the Lago Agrio Litigation appointed a neutral expert witness, Richard Stalin Cabrera Vega ("Cabrera"), to assess damages against Chevron. In 2008, Mr. Cabrera submitted a report (the "Cabrera Report") opining damages should be assessed against Chevron in the amount of $27.4 billion. Chevron now believes the Cabrera Report was in fact based on, or copied wholesale from, the work of the Ecuadoran Plaintiffs' U.S. Consultants, including E-Tech International and William Powers.

Chevron filed its application in this Court on May 27, 2010, seeking authorization under 28 U.S.C. § 1782 to serve subpoenas for documents and deposition testimony upon both Mr. Powers and E-Tech International. The proposed subpoenas, unsigned and undated, were attached to the application, which was sent by UPS next day delivery to both Mr. Powers and E-Tech International. [Doc. No. 1, Exhibits A and B to Declaration of Andrea Neuman; Doc. No. 4.] Magistrate Judge McCurine held a telephonic status conference on June 11, 2010, at which time he set a timetable for Respondents to file a motion to quash setting forth their reasons opposing the subpoenas. [Doc. No. 8.] Nonetheless, on June 24, 2010, the day before Respondents were ordered to file their motion to quash, Respondents filed a status report arguing the subpoenas had never been properly served and requesting the deadline for their motion be extended. [Doc. No. 10.] In response to Respondents' filing, Chevron re-served signed and dated copies of the subpoenas, by filing the subpoenas as exhibits to a memorandum filed through the Court's electronic filing system. [Doc. No. 11.] Respondents filed yet another memorandum on June 25, 2010, objecting that the signed and dated subpoenas had not been properly served pursuant to the Federal Rules of Civil Procedure. [Doc. No. 12.]

The docket does not reflect any ruling on Respondents' motion to extend the time to file its motion to quash, and Respondents in fact filed their motion on June 26, 2010, as previously ordered by Magistrate Judge McCurine. [Doc. No. 18.] In their motion, Respondents renewed

1 their argument that the subpoenas were not properly served. In addition, Respondents argued
2 application was improper as to E-Tech International because it did not reside in the Southern
3 District of California, that the documents and testimony sought from William Powers were
4 privileged, and that the subpoenas were a misuse of the process under 28 U.S.C. § 1782.

5       The parties fully briefed the issues presented by Chevron's initial application and
6 Respondents' motion to quash over the course of the next 60 days. Magistrate Judge McCurine
7 held a hearing on Respondents' motion to quash on August 27, 2010. After reviewing all of the
8 parties' arguments, Magistrate Judge McCurine ruled orally, denying Respondent Powers' motion
9 to quash and ordering him to provide documents and sit for deposition. [Doc. No. 54, Transcript
10 of August 27, 2010 hearing, pp. 49-61.] Magistrate Judge McCurine first found Chevron had
11 satisfied the factors necessary to support discovery under 28 U.S.C. § 1782, as set forth in Intel
12 Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004). [Id. at pp. 50-54.] Magistrate Judge
13 McCurine also found the subpoena had been properly served upon Powers in compliance with the
14 Federal Rules of Civil Procedure, and that the documents and testimony sought by the subpoena
15 was not privileged. [Id. at pp. 54-57.] To the extent any of the documents or testimony was
16 privileged, Magistrate Judge McCurine found the privilege waived when the material was
17 transmitted to Mr. Cabrera, the court expert in the Lago Agrio Litigation. Alternatively,
18 Magistrate Judge McCurine found the crime-fraud exception justified disclosure. [Id., at pp. 56-
19 69.] Magistrate Judge McCurine held in abeyance the subpoena request and motion to quash as to
20 E-Tech pending resolution of Chevron's § 1782 motion in the District Court in New Mexico
21 where E-Tech is located. [Id. at pp. 61-62.] Magistrate Judge McCurine ordered Powers to
22 produce documents requested by the subpoena by September 2, 2010, and to make himself
23 available to give deposition testimony by September 8, 2010. [Id. at p. 63.]

24       On Tuesday, August 31, 2010, Respondents filed a motion questioning Magistrate Judge
25 McCurine's authority to issue a final order on their motion to quash, and asking that he issue a
26 report and recommendation for *de novo* review by the District Judge. [Doc. No. 39.] During a
27 telephonic hearing on that date, Magistrate Judge McCurine declined to issue a report and
28

recommendation. [Doc. No. 55, pp. 16-17.][2]

At 4:33 p.m. on September 2, 2010, the date on which Magistrate Judge McCurine ordered Powers to produce documents in compliance with Chevron's subpoena, Respondents filed a motion to stay, requesting time to brief the issue of the magistrate judge's authority to issue a final order on the motions under § 1782. [Doc. No. 43.] The Court granted Powers' motion to allow him an opportunity to file any appeal of Magistrate Judge McCurine's order, staying the order until noon on September 7, 2010. [Doc. No. 44.] The Court denied a motion by Chevron to lift the stay, and extended the stay briefly to allow an opportunity to review the transcript of the August 27, 2010 hearing at which Magistrate Judge McCurine issued his oral ruling. [Doc. Nos. 49 and 56.] By order filed September 7, 2010, the Court lifted the stay of Magistrate Judge McCurine's order, finding Respondent had not demonstrated he was entitled to a stay pending appeal. [Doc. No. 58.] Having received briefing from the parties, the Court now rules on the appeal.

### *Legal Standard for Review of Magistrate Judge McCurine's Order*

As an initial matter, Respondents continue to object to Magistrate Judge McCurine's order, arguing Chevron's motion to conduct discovery under 28 U.S.C. § 1782, and his subsequent motion to quash the subpoena, are dispositive matters which may only be referred to a magistrate judge for the issuance of a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).  Pursuant to § 636(b)(1)(A),

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Any matter referred to a magistrate judge for hearing order under § 636(b)(1)(A) may be reconsidered by the district judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

---

[2] The telephonic hearing on September 2, 2010 was set by Magistrate Judge McCurine to clarify the scope of his order finding a waiver of the attorney-client privilege. [Doc. No. 55, pp. 1-8.]

Where a "dispositive" matter, as defined in § 636(b)(1)(A) is referred to a magistrate judge to conduct hearings, the magistrate judge must file proposed findings of fact and recommendations for disposition of the matter. 28 U.S.C. § 636(b)(1)(B). Thereafter, the parties may file objections to the findings and recommendations and the district judge must review *de novo* those specified portions of the findings and recommendations to which objection has been made. 28 U.S.C. § 636(b)(1).

Courts disagree over whether a motion under 28 U.S.C. § 1782 is a dispositive matter requiring the magistrate judge to issue a report and recommendation. See <u>Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.</u>, 308 F.3d 1075, 1078 (9th Cir. 2002) (Taiwanese company's application for assistance in conducting discovery in a foreign proceeding under § 1782 was referred to a magistrate judge as a non-case-dispositive discovery matter, and the appellate court reviewed the magistrate judge's rulings under abuse of discretion standard without discussing issue of magistrate judge's authority); <u>In re Clerici</u>, 481 F.3d 1324, 1331 (11th Cir. 2007) (standard of review for discovery ordered under § 1782 "is identical to that used in reviewing the district court's ordinary discovery rulings"); <u>but see</u> <u>Phillips v. Beierwaltes</u>, 466 F.3d 1217, 1221-22 (10th Cir. 2006) (questioning whether motions for discovery in aid of foreign litigation under § 1782 could be characterized as non-dispositive matters); Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3068.3 (2d ed.) (noting that although discovery disputes generally are viewed as non-dispositive, motions under § 1782 are dispositive matters).

The Court's Local Civil Rule 26.1 refers all motions to compel discovery to the magistrate judge assigned to a case. Under this Rule, all discovery matters, including motions to compel or motions to quash subpoenas issued in this District with regard to out-of-district litigation, are referred to magistrate judges as non-dispositive matters for hearing and final disposition. The current proceeding is no different in character to such proceedings which are routinely handled by magistrate judges in this District and in other United States courts. However, the Court need not decide whether Chevron's application under 28 U.S.C. § 1782 is a dispositive matter which may only be referred to a magistrate judge for proposed findings and recommendations under 28 U.S.C. § 636(b)(1)(B). As explained below, even reviewing the matter *de novo*, the court concludes

Magistrate Judge McCurine correctly granted Chevron's application and denied Respondents' motion to quash.

### *Discussion*

In their appeal, Respondents argue (1) the magistrate judge erred in finding that Chevron's application satisfies the factors under § 1782, (2) the magistrate judge erred in finding the privilege adhering to Powers' documents has been waived, (3) the magistrate judge erred in concluding the crime/fraud exception should apply, and (4) the magistrate judge's ruling is the result of multiple procedural irregularities. The Court addresses each argument in turn.

*1.   Chevron's application satisfies the factors under U.S.C. § 1782*

Pursuant to 28 U.S.C. § 1782(a),

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. ... The order may be made pursuant to a ... request ... of any interested person. ... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

As Magistrate Judge McCurine properly recognized, there are four discretionary factors the Court must consider in ruling on an application for discovery under § 1782(a):

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court . . . to U.S. federal-court judicial assistance"; (3) whether the § 1782 request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the discovery requests are "unduly intrusive or burdensome."

Cryolife, Inc. v. Tenaxis Medical, Inc., 2009 WL 88348 at *2 (N.D. Cal. 2009) (quoting Intel Corp., 542 U.S. at 264-65).

Here, although Chevron has presented evidence that Mr. Powers' work product was used as part of the Cabrera Report in the Lago Agrio Litigation in Ecuador, Mr. Powers is not a participant in that action. Therefore, as Magistrate Judge McCurine noted, "the assistance of this Court is more necessary than if he were a participant in the Lago Agrio action."[3] The foreign

---

[3] The transcript from the August 27, 2010 hearing reflects Magistrate Judge McCurine initially stated "William Brown [sic] is a direct participant in the Ecuadorian action." The quoted sentence, noting this Court's assistance "is more necessary than if he were a participant in the

proceeding is before a valid Ecuadorian tribunal, and the fact the Ecuadorian court has held the record open for a brief additional time in light of Chevron's § 1782 applications indicates that court is at least somewhat receptive to the assistance of United States courts in collecting discoverable evidence. Respondents' argument, that discovery should only be permitted if the Ecuadorian court itself would permit the discovery, is contrary to law. Intel, 542 U.S. at 247 (holding that § 1782 "contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." There is evidence before the Court demonstrating the Ecuadorian court has incorporated into the official docket evidence collected by Chevron through its other § 1782 applications in United States courts. [Declaration of James Sabovich in Support of Response to Respondents' Objections, Doc. No. 64, Exhibit H at 5, No. 48.] The fact the Ecuadorian court has permitted Chevron to submit evidence tends to demonstrate Chevron's application is not an attempt to circumvent the proof-gathering restrictions of Ecuadorian law.

Respondents argue vigorously that Chevron's choice of a foreign tribunal should prevent it from pursuing discovery in the United States. However, Chevron's efforts to have this action transferred to the courts in Ecuador is relevant only insofar as it bears upon the previously discussed factors of the foreign court's receptivity to the evidence and whether the party is attempting to circumvent foreign policies. Respondents have cited no authority establishing that a party such as Chevron, which has successfully obtained a dismissal from a United States court under the doctrine of *forum non conveniens*, is precluded from pursuing domestic discovery for use in the foreign action under § 1782.

Respondents do not argue the discovery requests are unduly burdensome or intrusive except insofar as they argue the documents are privileged. The Court will therefore proceed to address Respondents' privilege argument.

2.   *Is the Discovery Sought by Chevron Privileged and, if so, has that Privilege Been Waived?*

Respondents argue Magistrate Judge McCurine erred in finding the privilege adhering to

---

Lago Agrio action" follows directly thereafter. [Doc. No. 54, at p. 52.] Thus, it is apparent either Judge McCurine misspoke or there was an error in transcribing the record.

1 Powers' documents has been waived. At a fundamental level, however, the Court concludes
2 Powers has failed to demonstrate either his proposed testimony or the subpoenaed documents are,
3 in fact, privileged.

4      "The attorney-client privilege protects confidential disclosures made by a client to an
5 attorney in order to obtain legal advice." In re Grand Jury Subpoenas (Hirsch), 803 F.2d 493, 496
6 (9th Cir. 1986). "The privilege is limited to 'only those disclosures – necessary to obtain informed
7 legal advice – which might not have been made absent the privilege'." In re Grand Jury
8 Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (quoting Fisher v. United States, 425 U.S. 391,
9 403 (1976)). It is the burden of the party asserting privilege to demonstrate it applies "to a given
10 set of documents or communications." Id. "In essence, the party asserting the privilege must
11 make a *prima facie* showing that the privilege protects the information the party intends to
12 withhold." Id. at 1071.

13      The work product doctrine codified in Rule 26(b)(3) applies to shield from discovery
14 "documents and tangible things prepared by a party or his representative in anticipation of
15 litigation." In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir. 2004). "To qualify for
16 protection against discovery under Rule 26(b)(3), documents must have two characteristics:
17 (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared
18 'by or for another party or by or for that other party's representative'." Id. (quoting In re
19 California Pub. Utils. Comm'n, 892 F.2d 778, 780-81 (9th Cir. 1989)). Again, the responding party
20 bears the initial burden of demonstrating the sought-after documents are work product. U.S.
21 Inspection Svcs. Inc. v. NL Engineered Solutions, LLC, ___ F.R.D. ___, 2010 WL 2739959 (N.D.
22 Cal., July 12, 2010).

23      Here, Respondent Powers supplied a declaration in support of the motion to quash.
24 Notably, however, Powers' declaration does not establish any facts necessary to find the attorney-
25 client privilege or work product doctrine protects the sought-after documents or testimony.
26 Despite filing voluminous papers in this proceeding, nothing in the Powers' declaration or any of
27 Respondents' other materials demonstrates that the sought-after documents were prepared in
28 anticipation of litigation by or for another party or that party's representative. The Ecuadorian

1  Plaintiffs themselves have not submitted declarations supporting the claim of attorney-client
2  privilege and work product.  Nothing in Respondents' materials demonstrates the documents or
3  proposed deposition testimony would reveal confidential communications between an attorney and
4  client for the purposes of obtaining legal advice. Furthermore, Respondents did not provide a
5  privilege log identifying documents withheld under such claims of privilege.  <u>Dole v. Milonas</u>, 889
6  F.2d 885, 888 n.3, 890 (9th Cir. 1989) (noting that one means of establishing the existence of the
7  attorney-client privilege is to provide a privilege log).  Therefore, the Court finds Respondents
8  have failed to establish that the documents and testimony are privileged.

9       Even assuming privilege and work product protection exists, the Court further finds
10 Magistrate Judge McCurine properly concluded those privileges have been waived.  Mr. Cabrera
11 was a court-appointed neutral expert, such that any communications with him, and any of Powers'
12 opinions provided to him in the course of the Lago Agrio Litigation, lost any confidential
13 privileged status. Furthermore, the Court is persuaded by the reasons explained by Magistrate
14 Judge McCurine as well as other U.S. courts who have addressed the issue, that the crime-fraud
15 exception applies.  There is ample evidence in the record that the Ecuadorian Plaintiffs secretly
16 provided information to Mr. Cabrera, who was supposedly a neutral court-appointed expert, and
17 colluded with Mr. Cabrera to make it look like the opinions were his own.  Thus, any privilege
18 which existed was waived; Respondents' claim of privilege neither bars production of the
19 subpoenaed documents nor gives Powers a basis for refusing to testify.

20 *3.*    *Procedural Irregularities*

21      Respondents argue Magistrate Judge McCurine's ruling is the result of multiple significant
22 procedural irregularities including that the subpoenas were not properly served and that Chevron
23 submitted supplemental materials expanding the scope of their motion after the initial briefing was
24 closed.  The objected-to supplemental materials were submitted to the Court well in advance of the
25 hearing before Magistrate Judge McCurine, giving Respondents an opportunity to respond to them
26 at the hearing.  Therefore, the Court overrules any objection relating to Magistrate Judge
27 McCurine's consideration of the materials.
28      The Court also rejects Powers' argument that he was never properly served with the

1  subpoena. Respondents were initially served with Chevron's application by UPS overnight mail,
2  and that application included unsigned, undated proposed subpoenas. After Respondents objected
3  to Magistrate Judge McCurine's order requiring them to file a motion to quash, Chevron issued
4  identical but signed and dated subpoenas, and filed them as exhibits to its opposition to
5  Respondents' motion for an extension of time to file the motion to quash. Those subpoenas were
6  therefore served upon Respondents' counsel through the Court's electronic case filing system.
7      Respondents object that Chevron was required to personally serve the subpoenas upon
8  Powers under Fed. R. Civ. P. 45(b)(1) ("[s]erving a subpoena requires delivering a copy to the
9  named person ...."). Respondents argue that neither the original unsigned subpoenas served by
10 UPS overnight mail nor the signed and electronically served subsequent subpoenas were
11 sufficient. Although some courts have construed Rule 45 to require personal delivery of a
12 subpoena, <u>Terre Haute Warehousing Service, Inc. v. Grinnell Fire Protection</u>, 193 F.R.D. 561, 563
13 (S.D. Ind. 1999), other courts have allowed service by certified mail so long as the court can be
14 assured that delivery has occurred. <u>Firefighter's Institute for Racial Equality v. City of St. Louis</u>,
15 220 F.3d 898, 903 (8th Cir. 2000). Here, Respondents do not dispute they actually received the
16 copies of the subpoenas attached to Chevron's initial application, served upon them by UPS
17 overnight mail. Thereafter, Respondents were parties to this action, represented by counsel. Thus,
18 Chevron's subsequent service of the signed and dated subpoenas upon Respondent Powers through
19 his counsel was proper pursuant to Fed. R. Civ. P. 5(b)(1). The Court finds no procedural
20 irregularity.

21                                   ***Conclusion***

22     For the reasons set forth herein, the Court rejects Respondents' objections to Magistrate
23 Judge McCurine's August 27, 2010 order denying their motion to quash [Doc. No. 50] and affirms
24 Magistrate Judge McCurine's order requiring Powers to produce documents and give deposition
25 testimony as called for by Chevron's subpoena. The Court SUSTAINS Respondents' objections
26 to the late-filed declaration of James Sabovich [Doc. No. 74], and orders the late-filed declaration
27
28

1  [Doc. No. 69] be stricken from the record.[4]

2      Having determined that Chevron is entitled to obtain discovery from Respondent Powers
3  pursuant to 28 U.S.C. § 1782, and having denied Respondents' motion to quash, the Court refers to
4  Magistrate Judge McCurine for hearing and disposition under 28 U.S.C. § 636(b)(1)(a) any further
5  dispute regarding the scope of Powers' production of documents and deposition testimony.

6      **IT IS SO ORDERED**.

7  
8  **DATED: September 10, 2010**

                          *Irma E. Gonzalez*
9                            **IRMA E. GONZALEZ, Chief Judge**
                          **United States District Court**

---

28  [4] If Chevron wishes, it may retrieve the courtesy copies of the CDs which it caused to be delivered to the Court.