FILED

11 AUG -2 PM 4:34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Application of<br><br>CHEVRON CORPORATION, a Delaware corporation,<br><br>                                Applicant,<br>vs.<br>E-TECH INTERNATIONAL,, et al.,<br>                                Respondents. | CASE NO. 10cv1146-IEG (WMc)<br><br>ORDER SETTING FORENSIC IMAGING PROTOCOL |

On February 11, 2011, this Court entered an Order (Dkt. 107) granting Chevron's Motion to Compel Production of William Powers's Computer Hard Drive. On May 19, 2011 the Court denied a motion for reconsideration of that order (Dkt. 116).

Pursuant to the Court's February 11, 2011 order, the Parties selected Mr. Christopher Pavan of 42LLC as the examiner to conduct imaging and related searches of Mr. Powers's hard drive. Pursuant to this Court's May 19, 2011 order, Mr. Pavan has now created an image of Mr. Powers's hard drive and is prepared to search that image for responsive documents once a protocol is approved by this Court. Pursuant to the Court's June 3, 2011 (Dkt. 118) minute order, the Parties have meet and conferred on a protocol and related search terms.

The Court **ORDERS** the following protocol for searching Mr. Powers's hard drive:

1. Pursuant to the Court's February 11, 2010 order, 42LLC will make three additional, identical forensic images of Mr. Powers' hard drive. One shall be delivered to the Court and filed under seal until further order of the Court. The others shall be retained by 42LLC for later use by the parties if necessary.

2. 42LLC shall query the image of Mr. Power's hard drive using the search terms included in Attachment A in order to identify "Potentially Responsive Documents." The presence of a term highlighted on Attachment A shall be considered a detection of a Potentially Responsive Document only if a non-highlighted term on Attachment A is also present in the document. "Potentially Responsive Documents" includes without limitation emails, databases, charts, text documents, logs (including without limitation Skype logs), pictures and images, and GIS related files.

3. 42LLC shall will query the Potentially Responsive Documents using terms, listed below, intended to cull out documents likely to be privileged and to refine the use of the search terms listed on Attachment A ("Potentially Privileged Documents").

    3.1. **Terms for Potentially Privileged Documents**

        mseverson@amslawyers.com

        maguirre@amslawyers.com

        cmorris@amslawyers.com

4. The Parties agree that the relevant date range is January 2005 to the present;

    4.1. Due to the way different files are stored on computers, it may not be possible to apply date ranges. If a date cannot be determined for a particular file that contains one or more of the Potentially Responsive Document terms, that file shall be included within the Potentially Responsive Documents.

5. 42LLC will filter out system based / non-user files, further referred to as "user-based files."

6. The user-based files will be processed in the following manner:

    6.1. User-based files will be filtered by date range, if applicable.

6.2  Optical Character Recognition ("OCR") will be performed on all appropriate file types, to include attachments in email.

6.3  User-based files and OCR'd data will be indexed for searching.

7.  42LLC will make available to Counsel for Mr. Powers the documents marked Potentially Privileged for counsel to determine whether the documents are in fact privileged and therefore should be included on a privilege log or instead whether the documents are not privileged and should be produced. Counsel for Powers shall have until August 25, 2011 to identify such documents as privileged on a privilege log.

    7.1.  For purposes of this Protocol, the Parties agree that communications between attorneys or agents of Aguirre Morris & Severson, on the one hand and Mr. Powers, on the other hand, need not be placed on a privilege log for privilege to be asserted unless those communications were sent to or include third parties.

    7.2  All privilege assertions shall be made in good faith and shall be consistent with prior rulings of the Court on privilege;

8.  The Potentially Responsive Documents will be made available for review by Counsel for Mr. Powers.

    8.1.  Counsel will review the data for relevance and privilege. Documents will be marked in one of the following ways by Counsel for Mr. Powers:

        8.1.1.  Responsive

        8.1.2.  Non-Responsive

        8.1.3.  Privileged

    8.2.  Counsel for Powers shall have until August 25, 2011 to designate documents as Responsive, Non-Responsive or Privileged. Privileged documents that are otherwise responsive shall be placed on a privilege log pursuant to section 11 above.

9.  All documents not designated as Non-Responsive or Privileged will be electronically produced to Counsel for Chevron. Responsive but Privileged documents shall be withheld pursuant to a privilege log.

10. The Parties are authorized to contact 42LLC directly regarding administrative, scheduling, or ministerial matters, but shall not conduct substantive discussions with 42LLC without the other Party's counsel present. Except as otherwise provided, written or electronic correspondence between a party and 42LLC shall copy opposing counsel.

11. Pursuant to the Court's order, Chevron shall pay the reasonable costs for 42LLC's work in this matter. 42LLC will generate invoices representing all of its work on this matter. 42LLC will send those invoices to Counsel for Chevron with copies to Counsel for Mr. Powers. Chevron or its counsel is authorized to pay 42LLC directly for its invoiced services and is authorized to correspond directly with 42LLC regarding such payments.

12. 42LLC will provide Christopher Pavan to testify to the facts, and, pursuant to the Court's order, will prepare a written report of his findings if asked, will provide expert opinion, if called to do so. The report shall describe Mr. Powers' computer equipment and 42LLC's actions with respect to each piece of equipment or storage media. This report shall include: 1) a detailed account of the steps 42LLC took to mirror image each piece of Mr. Powers' computer equipment; 2) the steps 42 took to search the mirror images; and 3) a detailed description of each piece of Mr. Powers' computer equipment inspected, copied, or imaged by 42LLC, including the name of the manufacturer of the equipment and its model number and serial number. 42 shall document the chain of custody for any images drawn from Mr. Powers' computer equipment. The report shall also include, to the extent possible, information about the deletion and the contents of deleted documents, files, and data that could not be recovered.

13. The Parties may seek leave of Court to amend or alter these protocols.

**IT IS SO ORDERED.**

DATED: August 2, 2011

*/s/ William McCurine, Jr.*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court